IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

KENNETH WIBBERG,                      )
                                      )
            Plaintiff,                )
                                      )
vs.                                   )        Case No. 13-4273-CV-C-ODS
                                      )
CAROLYN W. COLVIN,                    )
Acting Commissioner of Social Security, )
                                      )
            Defendant.                )

### ORDER AND OPINION AFFIRMING
### COMMISSIONER'S FINAL DECISION DENYING BENEFITS

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying his application for disability benefits. The Commissioner's decision is affirmed.

### I.  INTRODUCTION

Plaintiff was born in December 1965, completed high school, and has prior work experience as a tractor-trailer truck driver and as a packager. He alleges he became disabled on May 6, 2011 due to a variety of ailments – notably, heart problems, fatigue, and depression. The ALJ found Plaintiff has the residual functional capacity ("RFC") to perform light work except he cannot work at unprotected heights or drive or operate dangerous equipment. Plaintiff also required a well-set routine, in that he his slow to adapt to frequent and significant changes in the work setting . . . but can adapt to simple changes" if they were announced in advance and do not occur too often. The ALJ also found Plaintiff needed to avoid unusual work stressors, fast-paced demands, or high levels of social interaction (although he can interact with co-workers, supervisors, and the public). Finally, Plaintiff can "learn and employ new simple and/or detailed instructions." R. at 19. While this RFC precluded Plaintiff from returning to his past

work, a vocational expert ("VE") testified (and the ALJ found) Plaintiff could perform work as a cleaner/housekeeper or cashier.

## II.  DISCUSSION

In this proceeding, Plaintiff contends the ALJ committed two errors.  First, he alleges the RFC is not supported by substantial evidence in the Record as a whole because the ALJ failed to accord proper weight to opinions offered by Ms. Deborah Middleton, Dr. Michael Dudenhoeffer, and Dr. Randall Meyer.  Second, he contends the hypothetical question posed to the ALJ was improper.

"[R]eview of the Secretary's decision [is limited] to a determination whether the decision is supported by substantial evidence on the record as a whole.  Substantial evidence is evidence which reasonable minds would accept as adequate to support the Secretary's conclusion.  [The Court] will not reverse a decision simply because some evidence may support the opposite conclusion."  Mitchell v. Shalala, 25 F.3d 712, 714 (8th Cir. 1994) (citations omitted).  Though advantageous to the Commissioner, this standard also requires that the Court consider evidence that fairly detracts from the final decision.  Forsythe v. Sullivan, 926 F.2d 774, 775 (8th Cir. 1991) (citing Hutsell v. Sullivan, 892 F.2d 747, 749 (8th Cir. 1989)).  Substantial evidence means "more than a mere scintilla" of evidence; rather, it is relevant evidence that a reasonable mind might accept as adequate to support a conclusion.  Gragg v. Astrue, 615 F.3d 932, 938 (8th Cir. 2010).

## A.

Generally speaking, a treating physician's opinion is entitled to deference.  This general rule is not ironclad; a treating physician's opinion may be disregarded if it is unsupported by clinical or other data or is contrary to the weight of the remaining evidence in the record.  E.g., Anderson v. Astrue, 696 F.3d 790, 793-094 (8th Cir. 2012); Halverson v. Astrue, 600 F.3d 922, 929-30 (8th Cir. 2010).

2

For ease of discussion, the Court will start by addressing Plaintiff's arguments regarding Ms. Middleton.  Ms. Middleton is a Licensed Clinical Social Worker at Lifesong for Growth and Wellness.  Plaintiff began seeing her regularly in October 2011, and in August of 2012 she completed a Medical Source Statement ("MSS") indicating Plaintiff was limited in various areas.  In his opening Brief, Plaintiff faults the ALJ for failing to address her opinion.  Plaintiff's Brief at 13, 14-15.  The Commissioner counters by pointing out that the ALJ did address Ms. Middleton's MSS.  The Record confirms the Commissioner's position is correct.  R. at 21.  Thus, the argument presented – that the ALJ failed to address Ms. Middleton's opinion – must be rejected.  Moreover, there is no argument that the ALJ's discussion of her opinion is flawed, so there is no need to further discuss it.

_2._

Dr. Dudenhoeffer was Plaintiff's primary care physician.  On July 18, 2011, he completed a Medical Source Statement indicating Plaintiff suffered from sleep apnea, airway obstruction, cardiac abnormalities and hypertension.  He reported that Plaintiff was using a CPAP machine and suffered multiple attacks of cataplexy (abrupt attacks of muscular weakness) per day.  He further opined that Plaintiff suffered from moderate to severe "excessive daytime somnolence" which left him incapable of working.  R. at 384-85.  That same day, Dr. Dudenhoeffer completed an MSS related to Plaintiff's depression and opined that Plaintiff suffered extreme restrictions on activities of daily living and moderate difficulty maintaining social functioning.  He further indicated Plaintiff suffered marked impairments in his ability to understand and remember detailed instructions, maintain attention and concentration for extended periods, ask simple questions, accept instructions and criticism from supervisors, and respond appropriately to changes in the work setting.  R. at 387-89.

The ALJ found both reports be worth little weight because they were "inconsistent with [Dr. Dudenhoeffer's] treatment notes, which include few examination

findings in support and indicate possible noncompliance with medication." R. at 22. The noncompliance referred to is Plaintiff's failure to use the CPAP machine as directed – a fact documented by a specialist Plaintiff saw on referral from Dr. Dudenhoeffer. The specialist – Dr. Krishna Mettu – reported that "[i]n the last one month or so [Plaintiff] has been using CPAP therapy with compliance" but that he had not been using it for the last year. Dr. Mettu also advised Plaintiff that he had "mild obstructive sleep apnea but it should not contribute to [the] out of proportion fatigue which he has been reporting" and expressed the hope that the proper pressure on the CPAP would resolve the problem. R. at 399. Dr. Mettu's opinions were also relied upon by the ALJ in reaching his decision. R. at 20.

With respect to the first MSS, Plaintiff contends inconsistencies in the Record are not a sufficient basis for deciding the treating doctor's opinion is not worthy of controlling weight. The cases cited by the Court counsel otherwise, and the authority Plaintiff cites – Singh v. Apfel, 222 F.3d 448, 452 (8th Cir. 2000) – does not support Plaintiff's proposition. Plaintiff also posits that "Dr. Dudenhoeffer knew about any noncompliance and accounted for it when formulating the opinions," Plaintiff's Brief at 18, but there is no support for this assertion. To the contrary, Dr. Dudenhoeffer's MSS suggests Plaintiff was using a CPAP machine. Moreover, Plaintiff's noncompliance apparently came to light when Dr. Mettu discovered it in November 2011 – four months after Dr. Dudenhoeffer completed his MSS. Finally, Plaintiff's arguments do not account for the lack of diagnostic support for Dr. Dudenhoeffer's opinion, nor do they account for the specialist's opinion offered (after diagnostic testing) by Dr. Mettu.

The ALJ's conclusion regarding Dr. Dudenhoeffer's second MSS is also supported by the Record. First, Dr. Dudenhoeffer's treatment notes do not reflect the degree of limitations described on his second MSS. Second, the ALJ found Plaintiff's testimony and reports of daily activities did not support the limitations described on the MSS. Plaintiff also argues that Ms. Middleton's report provides support for Dr. Dudenhoeffer's opinion – but Plaintiff has not challenged the ALJ's reasons for rejecting her opinion, so it does not support Dr. Dudenhoeffer's second MSS.

Dr. Meyer is a cardiologist; in May 2011 he performed surgery to implant Plaintiff's pacemaker. On an unspecified date (but probably sometime in March 2012)[1] Dr. Meyer completed a one-page MSS upon which he checked boxes indicating Plaintiff experienced "Fatigue on Exertion" and could stand or sit for thirty minutes at a time each, lift twenty pounds occasionally and ten pounds frequently, and had no need to elevate his legs. In a section provided for comments, Dr. Meyer wrote that Plaintiff "has continued reports of dizziness with position changes and fatigue, sleepy all the time." R. at 445. The ALJ accorded great weight to Dr. Meyer's opinion regarding the amount of weight Plaintiff could lift because there was other evidence in the Record (principally, Plaintiff's testimony) to support it. However, he accorded little weight to Dr. Meyer's finding that the claimant could sit for only thirty minutes and stand for only thirty minutes per day because these determinations were "unsupported by [Dr. Meyer's] examination findings and inconsistent with the claimant's function report, which did not indicate problems with sitting." R. at 22. The ALJ then referenced the function report Plaintiff submitted, which is notable for its failure to represent Plaintiff is limited to sitting for thirty minutes per day. The ALJ further noted Plaintiff's activities were inconsistent with Dr. Meyer's opinion. In particular, the ALJ noted Plaintiff worked part-time as a janitor which required him to sweep floors for two hours per day. Plaintiff also reported mowing his lawn for four hours at a time. Dr. Meyer's contemporaneous treatment notes also fail to discuss limitations in these areas. The Record provides ample support for the ALJ's decision to reject Dr. Meyer's opinion on these points.

The ALJ also did not err in affording little weight to Dr. Meyer's mention of fatigue and sleepiness. Beyond Plaintiff's complaints (which were addressed in the context of

---

[1]The line provided for the date is blank. Plaintiff's Brief represents the form was completed on March 15, 2012. The letter from Plaintiff's counsel submitting it to the Commissioner for inclusion in the Record indicates the form was completed on March 6, 2012. There are two dates indicating fax transmissions of the document; together, they suggest the form was faxed from Plaintiff's counsel to Dr. Meyer on February 20, 2012, and that it was faxed back to Plaintiff's counsel on March 15. The ALJ described it as "Dr. Meyer's March 2012 opinion." R. at 22.

Dr. Dudenhoeffer's opinions), there is no discussion of the matter in Dr. Meyer's treatment notes. Dr. Meyer was not treating this condition, and the ALJ was entitled to rely on Dr. Mettu's findings. It should also be noted that Plaintiff told Dr. Meyer he was not experiencing side effects from his medication, R. at 20, so Dr. Meyer could not have been ascribing fatigue and sleepiness to any medication he had prescribed for Plaintiff.

## B.

Plaintiff contends the ALJ erred in failing to ask the VE whether there were any conflicts between his testimony and the information contained in the Dictionary of Occupational Titles. Plaintiff has not identified any such inconsistencies, so the error is harmless. Renfrow v. Astrue, 496 F.3d 918 (8th Cir. 2007).

Plaintiff also argues the hypothetical question was vague. Plaintiff takes issue with the ALJ's use of adjectives and descriptive phrases (e.g., "slow to adapt" and workplace changes that "did not occur too often") but considering the context and the matters being discussed the Court discerns no ambiguity. More importantly, the VE did not express any difficulty understanding the ALJ's hypothetical.

## III. CONCLUSION

The Commissioner's final decision denying benefits is affirmed.


IT IS SO ORDERED.


/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: September 29, 2014                UNITED STATES DISTRICT COURT


6